# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JAMES EDWARD SCOTT, III,

      Plaintiff

v.

MILLER, et al.,

      Defendants

Case No.: 3:23-cv-00278-MMD-CSD

**Report & Recommendation of
United States Magistrate Judge**

Re: ECF No. 30

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Defendant Miller's motion for summary judgment. (ECF Nos. 30, 32-1.) Plaintiff did not file a response, despite being given an extension of time.

After a thorough review, it is recommended that Miller's motion be granted.

## I. BACKGROUND

When Plaintiff filed this action, he was an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. He has since been released.

The court screened Plaintiff's complaint and allowed him to proceed with an Eighth Amendment deliberate indifference to serious medical needs claim against defendant Miller. (ECF No. 6.)

Plaintiff alleges that on March 27, 2022, Miller escorted Plaintiff to his dialysis treatment. Plaintiff was wearing a heavy denim jacket with heavy objects in the pockets, and he was in heavy full-body restraints made of steel. The dialysis staff told Plaintiff they needed to

take his weight before treatment. Miller ordered Plaintiff to step on the scale. Plaintiff responded he needed to remove his heavy jacket, but Miller forced Plaintiff onto the scale. Plaintiff told Miller that if he was not allowed to take off his heavy jacket, he would not know what his total fluid gain was or how much fluid to pull off and it would make him cramp. Dialysis staff confirmed this saying they needed Plaintiff to take his jacket off to get his true weight or they would not "know how much to pull." Miller instructed Plaintiff again to get on the scale. Plaintiff was weighed in his heavy jacket. As Plaintiff's weight was not accurately measured, dialysis staff did not know how much liquid to pull. As a result, he suffered from fluid "overpull" that caused dizziness, lightheadedness, confusion, weakness, nausea, vomiting, low blood pressure, blackouts, and severe muscle cramps. He claims that he passed out, hit his head on the wall, vomited, and had to seek medical attention.

Defendant Miller moves for summary judgment, arguing that Plaintiff's medical records do not support his claims and any punitive damages claim fails.

## II. LEGAL STANDARD

The legal standard governing this motion is well settled: a party is entitled to summary judgment when "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Cartrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)). An issue is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it could affect the outcome of the case. *Id.* at 248 (disputes over facts that might affect the outcome will preclude summary judgment, but factual disputes which are irrelevant or unnecessary are not considered). On the

other hand, where reasonable minds could differ on the material facts at issue, summary

judgment is not appropriate. *Anderson*, 477 U.S. at 250.

"The purpose of summary judgment is to avoid unnecessary trials when there is no

dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18

F.3d 1468, 1471 (9th Cir. 1994) (citation omitted); *see also Celotex,* 477 U.S. at 323-24 (purpose

of summary judgment is "to isolate and dispose of factually unsupported claims"); *Anderson,* 477

U.S. at 252 (purpose of summary judgment is to determine whether a case "is so one-sided that

one party must prevail as a matter of law"). In considering a motion for summary judgment, all

reasonable inferences are drawn in the light most favorable to the non-moving party. *In re*

*Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted); *Kaiser Cement Corp. v. Fischbach*

*& Moore Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). That being said, "if the evidence of the

nonmoving party "is not significantly probative, summary judgment may be granted." *Anderson,*

477 U.S. at 249-250 (citations omitted). The court's function is not to weigh the evidence and

determine the truth or to make credibility determinations. *Celotex,* 477 U.S. at 249, 255;

*Anderson*, 477 U.S. at 249.

In deciding a motion for summary judgment, the court applies a burden-shifting analysis.

"When the party moving for summary judgment would bear the burden of proof at trial, 'it must

come forward with evidence which would entitle it to a directed verdict if the evidence went

uncontroverted at trial.'… In such a case, the moving party has the initial burden of establishing

the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp.*

*Brokerage Co. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations

omitted). In contrast, when the nonmoving party bears the burden of proving the claim or

defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate

an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party cannot establish an element essential to that party's case on which that party will have the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a genuine dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Matsushita*, 475 U.S. at 587. Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

### III. DISCUSSION

"The government has an 'obligation to provide medical care for those whom it is punishing by incarceration,' and failure to meet that obligation can constitute an Eighth Amendment violation cognizable under § 1983." *Colwell v. Bannister,* 753 F.3d 1060, 1066 (9th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976)).

A prisoner can establish an Eighth Amendment violation arising from deficient medical care if he can prove that prison officials were deliberately indifferent to a serious medical need. *Estelle*, 429 U.S. at 104. A claim for deliberate indifference involves the examination of two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's

1  response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *rev'd on other*

2  *grounds, WMX Tech, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). "A 'serious' medical need

3  exists if the failure to treat a prisoner's condition could result in further significant injury or the

4  'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (citing *Estelle*, 429

5  U.S. at 104).

6       If the medical need is "serious," the plaintiff must show that the defendant acted with

7  deliberate indifference to that need. *Estelle*, 429 U.S. at 104. "Deliberate indifference is a high

8  legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Deliberate indifference

9  entails something more than medical malpractice or even gross negligence. *Id*. Inadvertence, by

10 itself, is insufficient to establish a cause of action under section 1983. *McGuckin*, 974 F.2d at

11 1060. Instead, deliberate indifference is only present when a prison official "knows of and

12 disregards an excessive risk to inmate health or safety; the official must both be aware of the

13 facts from which the inference could be drawn that a substantial risk of serious harm exists, and

14 he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

15      Deliberate indifference exists when a prison official "den[ies], delay[s] or intentionally

16 interfere[s] with medical treatment, or it may be shown by the way in which prison officials

17 provide medical care." *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (internal

18 quotation marks and citation omitted).

19      Defendant Miller argues that March 27, 2022, was a Sunday, and Plaintiff did not receive

20 dialysis on Sundays, but on Mondays, Wednesdays, and Fridays. In addition, Plaintiff received a

21 disciplinary charge on March 28, 2022, regarding his transport to dialysis where he was wearing

22 headphones and holding an MP3 player which were not his, and there is no mention of the heavy

23 jacket. (ECF No. 30-1 at 12.) Moreover, there is nothing in Plaintiff's medical records regarding

the symptoms he claims he experienced as a result of this incident. Miller argues there is no report of Plaintiff having passed out or seeking medical attention as a result.

Plaintiff did file a grievance asserting that Miller refused to allow Plaintiff to take off his jacket before stepping on the scale at dialysis. (ECF No. 30-2 at 128.) There is nothing in his medical records, however, demonstrating that he suffered any of the medical symptoms he claims resulted as a result of the refusal to let him take off his jacket before being weighed at dialysis. (ECF No. 32-1.) Nor are there any records that the dialysis staff requested Plaintiff be re-weighed or that they disagreed with Miller's alleged refusal to let Plaintiff take off his jacket before being weighed.

There are unusual occurrence reports that while being transferred to dialysis on April 8, 2022, he turned toward Miller and advanced in his direction, and Miller put Plaintiff toward the dialysis wall. There is no mention of Plaintiff having passed out. Following that incident, Plaintiff complained of a headache and vomiting, and he was sent to the infirmary for observation. However, there is nothing stating that Plaintiff passed out or that this was related to Miller's alleged refusal to let him take off his jacket before being weighed at dialysis at the end of March. (*Id*. at 21-23.)

Miller has provided evidence, in the form of Plaintiff's medical records, demonstrating Plaintiff did not suffer any harm as a result of the alleged refusal to allow Plaintiff to take off his jacket before being weighed at dialysis. Plaintiff has not responded to raise a genuine dispute of material fact as to whether he suffered harm as a result of the alleged deliberate indifference. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (for subjective element, plaintiff must show: "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference").

For these reasons, Miller's motion for summary judgment should be granted, and the court need not reach Miller's remaining arguments.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **GRANTING** Miller's motion for summary judgment and entering judgment in favor of Miller.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge. Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: September 3, 2025

_____
Craig S. Denney
United States Magistrate Judge